*Drane, for appellees.*

---

## T. L. TAYLOR *v.* THOS. S. ELLISON.

·Appeal—Reversal.

The judgment was held to be against the decided preponderance of the evidence, and, on that account, should be reversed by the Court of Appeals.

### APPEAL FROM CUMBERLAND CIRCUIT COURT.

October 18, 1873.

OPINION BY JUDGE LINDSAY:

The evidence without conflict establishes these facts: That Ellison sued R. C. Taylor twice, and in each action garnisheed appellant; and that the $165, to which R. C. Taylor was entitled

from his father's estate, was paid to Ellison by appellant upon one of these garnishments. Appellant insists that it was paid on this suit, and so states in his response to the rule against him. Appellee, in testifying, admits that it was paid to him by appellant, but says that it was paid in the first suit. Now, it is immaterial which of the parties be correct; appellant ought not in any event be compelled to pay this money the second time, as he is required to do by the judgment of the circuit court. By holding appellant strictly to the admission made in his response that he had this money in his hands, when summoned as a garnishee in this action, and rendering judgment against him upon such admissions, the court in effect determined that appellee's statements that he had received this identical money in the first action were not true.

The opinion of the court expressed in the judgment that this money had never been paid to Ellison by appellant is in direct conflict with the sworn statements of both the litigants. It is manifest that appellant was mistaken as to having his money in his hands when garnisheed in his action, or else in having been paid under an attachment in a previous action. It does not matter which of them was so mistaken; it is certain that the amount had once been paid to appellee before the rendition of the judgment complained of.

The only ground upon which the judgment can possibly be sustained is that appellant, after the first suit, received from a deceased sister's estate $400, to which R. C. Taylor was entitled. But he states that this amount was fully paid over to said R. C. Taylor before he was garnisheed in this action, and this statement is uncontradicted.

It seems to this court that the judgment is against the decided preponderance of the evidence. It is therefore reversed, and the cause remanded for a new trial.

*Winfrey & Winfrey, for appellant.*

*W. H. Botts, for appellee.*